Troy D. COHOON, Appellant
(Respondent below),

v.

Daphne D. COHOON, Appellee
(Petitioner below).

No. 49S04–0303–CV–101.

Supreme Court of Indiana.

March 7, 2003.

Bryan Lee Ciyou, Indianapolis, IN, Attorney for Appellant.

SULLIVAN, Justice.

Both the trial court and Court of Appeals majority found a binding arbitration provision incorporated into the Cohoons' divorce decree void as against public policy. *Cohoon v. Cohoon*, No. 49D12–9901–DR–010 (Marion Super. Ct. July 20, 2001), *aff'd*, 770 N.E.2d 885, 894 (Ind.Ct.App. 2002). The dispositive issue in this case is whether Mr. Cohoon was in contempt for failure to pay child support, not whether the binding arbitration provision was void as against public policy. We affirm the courts below on the dispositive issue in this case, that Mr. Cohoon was in contempt for failure to pay child support.

*Background*

This case involves a dispute between divorced parents arising from the following facts. In approving the parents' divorce, the trial court approved and incorporated into the divorce decree a settlement agreement in which the parents agreed to submit to and resolve by binding arbitration "[a]ny dispute between the parties as to child support, custody, or visitation." (Appellant's App. at 7, ¶ 7.) Approximately one year later, on July 23, 2000, the mother filed a petition for modification of the settlement agreement and a petition to hold the father in contempt for an alleged nonpayment of child support. The father argued that the petitions were not properly before the trial court because the parties

had agreed to resolve all child support disputes through binding arbitration. The mother subsequently withdrew her petition for modification and the trial court then held a hearing on the contempt petition on March 7, 2001.

The trial court reached three conclusions of relevance to us here. First, it found that "whether a party is in contempt of the [divorce decree] is not encompassed within the binding arbitration provision of the [settlement agreement]" and that it had jurisdiction over enforcement of the divorce decree. (Appellant's App. at 7, ¶ 8.) Second, it found the father to be in contempt. Third, it held that "the provision in the parties' Agreement which states that child support, custody, or visitation issues shall be resolved by 'binding arbitration' is void as against public policy in that the agreement attempts to usurp the continuing jurisdiction of the Court over the issues concerning child support modifications, contempt actions, custody, and visitation." (Appellant's App. at 11, ¶ 13.)

The father appealed and the Court of Appeals affirmed the trial court with a lengthy discussion of its own as to why the binding arbitration provision of the settlement agreement was void as against public policy as well as a shorter discussion affirming the contempt citation. *Cohoon v. Cohoon*, 770 N.E.2d 885 (Ind.Ct.App.2002). The father now seeks transfer.

## Discussion

We find it unnecessary in this case to make a definitive judgment on the validity of binding arbitration provisions in domestic relations matters. Once the mother withdrew her petition for modification, the only issue before the trial court was the question of contempt. We agree with the trial court that whether a party was in contempt of the divorce decree was not encompassed within the binding arbi-

tration provision of the settlement agreement. *See Pettit v. Pettit*, 626 N.E.2d 444, 447 (Ind.1993) (holding that "contempt is always available [to courts] to assist in the enforcement of child support"). Upon making that determination, the court was then free to rule upon the contempt petition without further reference to the binding arbitration provision. We likewise agree with its ruling on the merits of the contempt petition.

## Conclusion

We grant transfer pursuant to Indiana Appellate Rule 58(A), thereby vacating the opinion of the Court of Appeals except for Issue II. We affirm the judgment of the trial court as to contempt (including its findings on the presumption of fees and authority to compensate an aggrieved party for losses and damages) but vacate its judgment that the binding arbitration provisions of the parties' settlement agreement is void as against public policy.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.